FRANCES P. ROBERTS, Appellant, *v.* HARTMAN K. EVANS and Others, Respondents.

Third Department, May 6, 1936.

*Edgar E. Ougheltree* [*G. D. B. Hasbrouck* of counsel], for the appellant.

*Edward K. Haas* [*William D. Brinnier, Jr.,* and *Austin E. Walker* of counsel], for the respondents.

PER CURIAM. Appeal from an order denying plaintiff's motion to set aside a judgment for prejudicial conduct on the part of the attorney for the defendants and unjudicial conduct on behalf of the referee.

Early in the trial the attorney for defendants, in the presence of the referee, stated his desire to pay the referee more than the legal per diem, and requested plaintiff to agree. She declined. Again at the close the request was repeated, and the remarks of the referee in connection therewith indicated consenting consciousness of defendants' efforts in his behalf, and even disappointment that plaintiff did not agree.

It was improper for the attorney to make the suggestion. When the plaintiff refused, she was placed in the position of trying her cause before a judge whose increased compensation, favored by defendants, she had opposed. The attitude of the referee at the time of the last request left much to be desired from a judicial standpoint. The typewritten record is an exhibit on this appeal. The plaintiff did not present a strong case. However, litigants are entitled to try their causes before courts where the question of compensation of the judge is not an issue. (*Reynolds* v. *Moore,* 1 App. Div. 105; *Fortunato* v. *Mayor,* 31 id. 271; *Dickinson* v. *Earle, No. 1,* 63 id. 134; *Ament* v. *Schubert Piano Co.,* 172 id. 423.)

The order should be reversed on the law, with costs to plaintiff to abide the event, and the motion to set aside the judgment granted, without costs.

HILL, P. J., RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law, with costs to the plaintiff to abide the event, and motion to set aside the judgment granted, without costs.